IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Criminal Action No. 1:20-cr-00291-DDD-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEFFREY KESTEN,

    Defendant.

## [PROPOSED] PROTECTIVE ORDER

Before the court is the Government's Unopposed Motion for Protective Order [Doc. 15]. The motion is GRANTED IN PART. The court enters a protective order as follows, with the court's modifications to the Government's proposed order shown in redline.

Pursuant to Fed. R. Crim. P. 16(d)(1) and for good cause shown, it is ORDERED that:

1. The following information is "Protected Information" subject to this Order: (1) the personal identifying information produced in discovery in this case, including dates of birth, government-issued identification numbers, employer or taxpayer identification numbers, addresses, phone numbers, and financial account information, and (2) individually identifiable health information, consisting of information that relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual.

- 1 -

*See* 45 C.F.R. § 160.103 (HIPAA privacy rule definition of "Individually identifiable health information").

2. The Protected Information produced to the defendant in this case may be disclosed only to defense counsel and their staff, the defendant (subject to the conditions set forth in paragraph c.4), and any retained defense experts (subject to the conditions set forth below). Those persons shall keep the Protected Information in strict confidence and may use the Protected Information exclusively in connection with this case, and for no other purpose.

3. Counsel shall ensure that all persons who receive the Protected Information are provided a copy of and read the court'sthis oOrder and are informed of their responsibility to safeguard the information and to protect it from further dissemination.

4. Defense counsel shall provide the defendant with reasonable access to the Protected Information, but defense counsel must store, hold, and control all copies of the Protected Information and ensure that the defendant does not retain any copies of the Protected Information or any notes made by defendant or others containing the Protected Information.

5. If a document containing Protected Information is filed with the court, the filing party must either redact the Protected Information from the document or, if the Protected Information is material to the court's determination, shall file the document as restricted at Level 31. The Clerk shall accept for filing as restricted any such filings by the parties without the filing of a separate motion to restrict.

6. At the conclusion of this case, all Protected Information that was not entered in the record at hearings or trial through testimony or

exhibits, and which is unnecessary to the maintenance of the record of the proceeding, shall be destroyed or returned to the source from which it was originally obtained.

7. Also at the conclusion of this case, defense counsel will collect the Protected Information from all authorized persons to whom that information has been disclosed and shall destroy it.

8. Nothing in th~~ese~~ _is_ ~~o~~_O_rder shall prevent any party from seeking modification of the ~~o~~_O_rder or from objecting to discovery that it believes to be otherwise improper.

9. Th~~ese~~_is_ ~~o~~_O_rder does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

DATED: September 23, 2020                BY THE COURT:

 

Hon. Daniel D. Domenico  
United States District Judge

- 3 -